# CHARLESTON.

## CLARKE *v.* KING.

(LUCAS, PRESIDENT, absent.)

Submitted January 17, 1891.—Decided January 26, 1891.

1. HUSBAND AND WIFE—SEPARATE ESTATE.
    Where a married woman suffers her husband (both living in Ohio) to reduce into his own possession her share of the personalty of her deceased father's estate and the proceeds of the sale of her share of the realty of said estate, the money thereby becomes the absolute property of the husband.

2. HUSBAND AND WIFE.
    If subsequently (both living in this State) the husband execute a deed of trust on a certain tract of land to secure the payment of said sum to his wife, said conveyance is voluntary and the debt thereby secured is subordinate to the payment of prior creditors for value.

*Simms & Enslow* for appellants, cited 94 U. S. 880; 24

W. Va. 118; 10 W. Va 87; 12 W. Va. 585–593; 29 W. Va. 389.

No appearance for appellees.

HOLT, JUDGE :

This was a suit in equity brought in the Circuit Court of Cabell county on the 22d of October, 1886, by A. R. Clarke & Co. and others against M. A. King and Margaret V., his wife, defendants below and appellees, to set aside a deed of trust for the benefit of the wife as fraudulent, and to subject the land to the payment of plaintiff's judgment.

The court below referred the question of fraud, among others, to one of its commissioners to ascertain and report. The commissioner reported the wife's debt secured by deed of trust as valid, the deed of trust to secure it not fraudulent, the lien thereof as valid and first in priority. To this report plaintiffs excepted at some time not appearing, but as early as the decree complained of. The cause came on to be heard on August 29th, 1888, when the court overruled the exceptions, confirmed the report, and, which was error in any view, dismissed plaintiffs' bill as to the trust-creditor M. V. King.

The facts are as follows : Defendant M. A. King, the judgment-debtor of plaintiffs, A. R. Clarke & Co., and M. V. King, his wife, lived in Gallia county, Ohio, in the year 1862, Margaret V., the wife, being the daughter of Stephen Pollock, deceased, of that county. She was entitled out of her father's estate to forty eight dollars ninety two and three fourths cents, out of the personalty, and to one eighth of two hundred acres of land which she and her husband sold and conveyed, the two amounting to three hundred and ninety seven dollars which sum was paid them in the fall of 1862 in the county of Gallia, state of Ohio, where they then lived, and was there reduced into the possession of the husband with the assent of the wife, and thereby became his absolute property (58 Laws Ohio 1861, p. 54); so that this is only another instance of a volunteer trying to come in first among the creditors.

There are other insuperable objections to the claim of the

wife as against plaintiffs and other judgment-creditors of the husband, but they need not be considered.

The decree of 29th August, 1888, must therefore be reversed, and the case remanded, and directed to go on, placing the wife at the foot of the lienholders as they now stand, she being but a volunteer as to her debt secured by deed of trust.

REVERSED.    REMANDED.